UNITED STATES (ESLINE v.). See Case No. 4,528.

UNITED STATES (ESPINOSA v.). See Case No. 4,529.

---

## Case No. 15,058.

### UNITED STATES v. ESTUDILLO.

[Hoff. Land Cas. 204.] [1]

District Court, D. California. Dec. Term, 1856.

MEXICAN LAND GRANT—BOUNDARIES—"MORE OR LESS"—QUANTITY NAMED IN GRANT.

Where the description contained in a grant, and the circumstances of the case, justify the belief that the intention was to grant all the land included within the boundaries named, then the words "poco mas ó menos" (a little more or less) must be construed as operative to pass to the grantee such fractional part of a league as may be found in excess of the quantity named in the grant.

Claim [by the heirs of Jose Joaquin Estudillo] for one league of land in Alameda county [known as the "Rancho San Leandro"], confirmed by the board, and appealed by the United States.

William Blanding, U. S. Atty.

Thornton & Williams, for appellees.

BY THE COURT. This claim was confirmed by the board. It has recently under-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

gone so full an examination in the ejectment suit brought in the circuit court, that I conceive it unnecessary to consider at length the testimony by which its genuineness is established. On the whole, after an attentive consideration of the additional testimony taken in this court, I incline to the belief that the grant issued as alleged by the claimant, although the nonproduction of the original grant and the fact that the order of concession is unsigned, leaves some room for doubt on this point. It appears to me evident that the grantor intended to fix as the limits of the tract, the San Leandro, the sea and the diramaderos or overflowings of the springs. On the fourth side the boundary is designated as "a straight line from the diramaderos to the San Lorenzo, but so drawn as not to include the Indian cultivations." This line was, from the terms of the grant, to be a straight line, and should be drawn to the nearest point of the San Lorenzo to which it can be drawn without including the Indian cultivations; whether that line will thus take a southerly or a south-westerly direction will depend upon the extent of the Indian cultivations. Such has seemed to me, after much consideration, the true construction of the grant and diseño in this case, and such was the view taken of it by the circuit court and by the board of commissioners.

But the difficult question in the case is that presented by the words "poco mas ó menos." It is certainly not easy to say what precise effect they were intended to have. Some operation should clearly be given them, unless they are so hopelessly vague and uncertain as to admit of no definite construction. The grant conveys to the grantee "a part of the land known as 'San Leandro,'" and proceeds to define the boundaries with more than ordinary precision. The third condition states the land of which donation is made to be one square league, a little more or less (poco mas ó menos), directs it to be measured, and reserves the surplus. The quantity of land contained within the boundaries will probably exceed one league by a considerable fraction. Ought then the words "poco mas ó menos" to be rejected for uncertainty, and the grantee in this and all similar cases to be limited to the precise quantity of one league, no matter how small the gore or strip of land in excess may on measurement be found to be; or are we at liberty to construe the words referred to as embracing such fractional part of a league as may be found within the boundaries? The question is one of intention on the part of the grantor. In most instances the description in these grants was obviously intended to designate the tract out of which the granted quantity was to be taken, rather than to indicate the limits of the land granted. In some cases, on the other hand, the boundaries are indicated with much precision, and the mention of quantity is obviously rather a conjectural estimate of its extent than intended as a limitation of the grant to the quantity mentioned; and yet in these cases the sobrante clause is added, apparently from habit, or because no pains were taken to vary the form of the grant according to the circumstances of particular cases. The English equivalent for the words "un sitio, poco mas ó menos," would perhaps be given by the phrase "about one square league." Where under our system a grant specifies the boundaries of the land which it conveys in absolute terms, the subsequent mention of its extent as of "about one square league," with a reservation of the surplus, would probably be inoperative. It may plausibly be argued, that if any part of the grant is rejected for uncertainty, the whole phrase (un sitio, poco mas ó menos) should be rejected, and not merely the indefinite words which terminate it. Certainly, if the expression were in English "about one league," the court would hardly strike out the word "about" and construe the words "one league" as indicating that precise quantity—not to be exceeded by a single foot. It has on the whole seemed to me that where the grant describes in its granting clause a particular piece of land, with definite or ascertainable boundaries, and the condition mentions the extent of the land so granted as of so many leagues, "more or less," the latter expression should be so construed as to embrace such additional fractional part of a league as may on measurement be found within the boundaries. There is certainly some difficulty in determining what quantity shall by this clause be deemed to pass. To allow under a grant of one league, more or less, three or four or five leagues to pass, would evidently be unreasonable, unless the condition be rejected in toto. It would seem equally unreasonable to restrict the grantee to the precise quantity of one league as determined by an accurate survey, and to take from him a gore of land, perhaps a few yards in width, along one side of his rancho, and which is clearly embraced within the boundaries as mentioned in his grant. I think the words should be allowed a reasonable operation, and that where the description contained in the grant, the previous proceedings, and the circumstances of the case justify the belief that the grantor's general intention was to grant all the land within the boundaries, the words "poco mas ó menos" should be construed to embrace such fractional part of a league as might be found to be in excess of the specified quantity.

The circuit court and the board were of opinion that in the grant under consideration, the excess, such as it was shown to be, passed to the grantee, and in that opinion I concur.

A decree must be entered affirming the decision of the board.

[NOTE. The surveyor general of the United States for California caused a survey of the land confirmed to be made, which survey included 7,000 acres, and more, being over 2,500 acres in excess of one square league granted; that

such excess included land occupied and claimed by one Mulford and others, under the laws of the United States; that in October, 1859, the district court entered an order directing the surveyor general to return to the court his said survey, which was done, and exceptions filed thereto. The matter of said survey was pending in said court on the 14th day of June, 1860, and was made subject to the provision of the act of June 14, 1860. Mulford and others, claiming an interest in the survey, filed exceptions in the district court. Mulford, in order to ascertain his right to intervene in his own name, filed a petition to that end, and moved for leave to intervene, which motion was denied. In 1862 a decree was entered in the district court, approving the decree of the surveyor general, which decree was adverse to the interests of Mulford. An appeal taken to the supreme court was dismissed, on stipulation of the parties, and a motion afterwards made, on behalf of Mulford and others, that the stipulation be vacated. The motion was denied. 1 Wall. (68 U. S.) 710.]